UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:99CR45RWS |
| JAMES E. BORDERS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant James E. Borders has filed a motion under 18 U.S.C. § 3582(c)(2) seeking a lower sentence because of the recently changed crack cocaine sentencing guidelines. Borders is currently serving a life sentence for his role in a criminal conspiracy to distribute more than fifty grams of cocaine base (crack). The Government does not object to resentencing and asks the Court to impose a sentence of not less than 360 months. For the reasons stated below, I will amend Borders' sentence to 360 months followed by five years supervised release.

*Background*

On June 15, 2000, Borders was convicted by a jury of conspiracy to distribute fifty grams or more of cocaine base. The conspiracy involved Rickey Jackson, Myron Woods, David Humes, Jr., Cameka Tousant, Alexis James, and other suppliers and sellers. Borders distributed crack cocaine to several street-level dealers, including James and Samuel Johnson. Both James and Johnson testified at Borders' trial that they each sold more than one kilogram of crack that had been supplied to them by Borders. Borders also rented approximately seven houses that were used as "crack houses." Borders and co-conspirator Jackson were the most culpable of the

charged co-conspirators, in that they provided mid-level distributors with large quantities of crack.

Before the sentencing hearing, the United States Office of Probation and Parole prepared a presentence investigation report. Because Borders was responsible for at least 1.5 kilograms of crack, the presentence investigation report recommended a base offense level of 38 pursuant to § 2D1.1(a)(3) of the 1998 Guidelines Manual. The report also recommended a two-level enhancement to Borders' sentencing offense level pursuant to U.S.S.G. § 3B1.1(a) for his role as an organizer or leader of a criminal activity involving five or more participants. Two levels were also added pursuant to § 3C1.1 for obstruction of justice because Borders testified at trial and denied his involvement in the conspiracy. Borders' final total offense level was 44. Borders had zero criminal history points and a criminal history category of I. This resulted in a sentencing guidelines range of Life.

When Borders was sentenced, the United States Supreme Court had not yet decided United States v. Booker, 543 U.S. 220 (2005), and the sentencing guidelines were mandatory. Because the sentencing guidelines were mandatory at the time I sentenced Borders, and he had a guideline range of Life, Borders was sentenced to life imprisonment and five years supervised release.

*Discussion*

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c) of Title 18 provides authority for the court to do so under very limited circumstances. One of those circumstances allows the Court to reduce the sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission . . . ." In Amendment 706, effective November 1, 2007, the United States Sentencing Commission reduced by two levels the offense levels applicable to most crack cocaine offenses. The Sentencing Commission later determined that the reduction should apply retroactively and added Amendment 706 to the list of retroactive amendments in U.S.S.G. § 1B1.10(c). Thus, many defendants previously sentenced under the crack cocaine sentencing guidelines are eligible for reduced sentences.

Under the Guidelines Manual in effect when Borders was initially sentenced, the base offense level of 38 was the highest offense level for any crack cocaine crime. Adding the enhancements for obstruction of justice and Borders' role in the conspiracy, Borders' total offense level of 44 resulted in a guideline sentence of Life. After the 2007 amendments, to trigger a Life guideline range, Borders would have had to have been responsible for 4.5 kilograms or more of crack.

In Borders' case, § 2D1.1(a)(3) of the 2007 Guidelines Manual establishes a base offense level of 36 for at least 1.5 kilograms of crack, but less than 4.5 kilograms of crack. Adding the enhancements for obstruction of justice and Borders' role in the conspiracy, Borders' revised total offense level is 42, resulting in a new sentencing guidelines range of 360 months to Life. Therefore, the guidelines contemplate that an offender like Borders should not necessarily be treated as the most culpable of all crack offenders (i.e. those with base offense levels of 38).

Section 1B1.10(b) of the Sentencing Guidelines states,

> In determining whether, and to what extent, a reduction is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was

sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

On November 14, 2000, I sentenced Borders to the minimum sentence authorized by the then-mandatory sentencing guidelines. Had the 2007 amendment been effect at the time I sentenced Borders, I would have sentenced him at the bottom of the guideline range. As a result, I will amend James Borders' sentence to a term of imprisonment of 360 months. Upon release from imprisonment, Borders shall be on supervised release for a term of 5 years.

Accordingly,

**IT IS HEREBY ORDERED** that James E. Borders' *pro se* motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2) [#94] is **GRANTED.**

**IT IS FURTHER ORDERED** that James E. Borders' second motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2) [#96] is **GRANTED.**

Dated this 2nd day of March, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE